IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-18-0271 |
| MICHAEL WATTS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On January 31, 2019, Defendant Michael Watts ("Defendant" or "Watts") pled guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). Pursuant to Federal Rule of Criminal Procedural 11(c)(1)(C), the parties stipulated in a plea agreement that the appropriate sentence was "within the range of 87 to 108 months" of imprisonment. (ECF No. 60 ¶ 9.) On May 1, 2019, this Court imposed a 108-month (9-year) term of imprisonment with credit for time served since May 17, 2018, to be followed by a 3-year term of supervised release. (Judgment & Commitment Order ("J&C"), ECF No. 97.) Watts is presently incarcerated at the Federal Correctional Institution in Schuylkill County, Pennsylvania ("FCI Schuylkill"), where there are presently no reported cases of COVID-19.[1]

On May 22, 2020, Watts filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), in which he cites concerns about the potential spread of COVID-19 in FCI Schuylkill and seeks his immediate release from prison or, alternatively, transfer to home confinement. (ECF No. 134 *SEALED*.) The Government opposes the motion.

---

[1] Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited Aug. 17, 2020).

(ECF No. 139.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Watts's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 134) is DENIED.

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

**I.      Administrative Exhaustion Requirements.**

Watts has not adequately demonstrated that he has satisfied the administrative prerequisites to moving for compassionate release in federal court. His *pro se* filings of May 22, 2020 and July 6, 2020 (ECF Nos. 134, 138) do not indicate that he filed an internal request for compassionate release. Although the Office of the Federal Public Defender has filed a

letter which purportedly documents Watts's request for compassionate release to the warden of FCI Schuylkill, the document is of uncertain authenticity. (ECF No. 137-1.)  The undated, handwritten letter is addressed to Warden Scott Finley and bears a postscript stating "[t]his is the copy of the letter I sent to the warden awhile ago and he doesn't reply." (ECF No. 137-1.)  The Bureau of Prisons has not been able to locate this request in its records. (*See* ECF No. 139 at 8.)  Under these circumstances, Watts has not demonstrated his compliance with the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A).  Accordingly, this Court lacks jurisdiction over Watts's motion.  *See United States v. Johnson*, RDB-14-0441, --- F. Supp. 3d ---, 2020 WL 1663360, at *2 (D. Md. Apr. 3, 2020) ("The exhaustion requirements of § 3582(c)(1)(A) are jurisdictional in nature, and this Court may not expand its jurisdiction by waiving such requirements."); *cf. United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (failure to satisfy exhaustion requirements "presents a glaring roadblock foreclosing compassionate release").

## II.   Extraordinary and Compelling Reasons.

Even if Watts had exhausted his administrative remedies, he has plainly failed to demonstrate "extraordinary and compelling reasons" for his release.  The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). For example, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G.

§ 1B1.13 cmt. n.1(A).  Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," presents extraordinary and compelling reasons for release.  U.S.S.G. § 1B1.13 cmt. n.1(B).  Finally, the Commission has authorized the Bureau of Prisons to identify extraordinary and compelling reasons "other than, or in combination with" those identified by the Commission.  U.S.S.G. § 1B1.13 cmt. n.1(D).

Although they provide useful guidance, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis.  As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020).  Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction.  *See, e.g., United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).  Nevertheless, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular person alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

In this case, Watts represents that he is "obese[], [has] high blood press[ure], and is borderline diabetic and [has] problems breathing because [he] was stabbed in both lungs . . . ."  (ECF No. 134 at 1.)   His *pro se* filing attaches four pages of medical records which indicate

4

that he smoked cigarettes every day for 10 years, that he was stabbed multiple times and required chest tubes, and that that he now has high cholesterol and elevated Hemoglobin A1C. (ECF No. 134-1 *SEALED*).  The apparent damage to Watts's lungs would present serious concerns if Watts had presented additional information about this condition or demonstrated a risk of exposure to COVID-19.  Despite his suggestion that FCI Schuylkill is "infested with COVID-19" (ECF No. 134 at 1), the Bureau of Prisons only reported one active case there at the time of his filing, and now reports zero active cases. (ECF No. 139 at 13 n.9.) Watts has not presented any evidence to refute the BOP's data.  The mere prospect that COVID-19 *might* spread to FCI Schuylkill and that that Watts *might* come into contact with the virus does not constitute "extraordinary and compelling reasons" for his release.  Accordingly, compassionate release is not available to him.

### III.     Dangerousness to the Community under 18 U.S.C. § 3142(g).

The Sentencing Commission Policy Statement governing 18 U.S.C. § 3582(c)(1)(A) states that the District Court may only grant compassionate release after determining that the defendant is not a danger to any person or the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).  To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense, (2) the weight of the evidence against him, (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release.  *See* 18 U.S.C. § 3142(g).

Weighing these factors clearly reveals that Watts is a danger to the community. The nature of the instant offense—Hobbs Act robbery—was violent.  In his plea agreement, Watts

admitted that he robbed a Loomis Armored vehicle while it was parked in Salisbury, Maryland. (ECF No. 60 at 9.)  To accomplish the robbery, Watts placed a gun to the driver's head, disarmed him of his weapon, and then ordered the driver to open the door of the Loomis vehicle.  (*Id.*)  The weight of the evidence was substantial and included video surveillance of Watts committing the crime.  This evidence was presented during the trial of Watts's co-defendant, Ryan Smith, who was found guilty of the charge brought against him. (*See United States v. Smith*, RDB-18-0271, ECF No. 87.)  Watts's criminal history is extensive, and produced a criminal history category of VI.   (Presentence Investigation Report, ECF No. 92 ¶ 53.) There is no indication in the record that Watts has put aside this pattern of behavior. Accordingly, Watts presently presents a danger to the community and is not suitable for compassionate release.

### IV.     Application of 18 U.S.C. § 3553(a).

Even if Watts had presented the requisite "extraordinary and compelling reasons" for a sentence reduction or did not present a danger to the community, he would still not be entitled to compassionate release.  Before imposing a reduction in sentence, this Court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Accordingly, this Court must consider (1) Watts's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted

sentencing disparities among similarly-situated defendants. *See United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

These factors overlap considerably with the § 3142(g) considerations discussed above. It is clear from the instant offense and the Defendant's lengthy criminal record that a reduction in sentence is not appropriate.[2]

## CONCLUSION

Accordingly, it is HEREBY ORDERED this 17th day of August, 2020, that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 134 *SEALED*) is DENIED.

\_\_\_/s/_____
Richard D. Bennett
United States District Judge

---

[2] Watts seeks transfer to home confinement as an alternative to compassionate release. This Court lacks authority to provide that form of relief. *See United States v. Carden*, JKB-15-0016, 2020 WL 1873951, at *2 (D. Md. Apr. 15, 2020) ("[I]t is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c).").